IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISAAC LOVELL WOODSON,
       Petitioner,

vs.                                   Case No.:  5:14cv146/RS/EMT

N.C. ENGLISH, WARDEN,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241, and supporting memorandum (docs. 1, 2).  Respondent filed a motion to dismiss the petition (doc. 10).  Petitioner filed a response in opposition to the motion (doc. 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural history is supported by the attachments to Respondent's motion to dismiss (doc. 10-1, attachments).  On February 19, 2004, Petitioner was charged in a four-count Superseding Indictment, filed in the United States District Court for the Middle District of Florida, Case No. 5:03cr51/WTH/PRL, with conspiracy to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 (Count One), aiding and abetting the distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 (Count Two), aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 (Count Three), and possession of cocaine base with

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 (Count Four) (*see* doc. 10-1, Judgment in a Criminal Case).  The Government filed an Information and Notice of Prior Convictions, pursuant to 21 U.S.C. § 851(a)(1), placing Petitioner on notice that, as a result of his prior felony convictions, he faced statutorily enhanced sentences (doc. 10-1, Information and Notice of Prior Convictions).  The Information and Notice of Prior Convictions identified the prior convictions as follows:

> On or about April 17, 1995, the defendant was convicted of Count 3:  possession of cocaine, in violation of Section 893.13, Florida Statutes, and on or about August 11, 1997, the defendant was convicted of Count 1:  possession of cocaine and Counts [sic] Two:  sale of cocaine, in violation of Section 893.13, Florida Statutes.

(doc. 10-1, Information and Notice of Prior Convictions).

On March 29, 2005, Petitioner appeared before a federal magistrate judge and entered a plea of guilty to all counts of the Superseding Indictment without a written plea agreement (*see* doc. 10-1, Judgment in a Criminal Case).  The Government filed a Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, a copy of which is attached to this Report and Recommendation.  After determining that Petitioner's plea was knowledgeable and voluntary, and that the offenses charges were supported by an independent basis in fact containing each of the essential elements of such offense, the federal magistrate judge recommended that the plea of guilty be accepted, and that Petitioner be adjudged guilty and sentenced accordingly (*see* attached Report and Recommendation Concerning Plea of Guilty).  The district judge accepted Petitioner's guilty plea, adjudicated Petitioner guilty, and set sentencing for June 23, 2005 (*see* attached Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing).

The Presentence Report ("PSR") prepared by the federal probation office provided more details regarding Petitioner's prior state drug convictions (*see* doc. 14).  With regard to the 1995 conviction, it stated that on April 17, 1995, Petitioner pleaded guilty to one count of possession of cocaine (as well as one count of possession of a short barrel shotgun, one count of possession of drug paraphernalia, and one count of possession of a firearm by a convicted felon) in the Circuit Court in and for Lake County, Florida, Case No. 94-CF-1276 (*id.*, p. 9).  He was adjudicated guilty and sentenced to a 5-year term of probation on the possession count (*id.*).  With regard to the 1997 conviction, the PSR stated that on August 11, 1997, Petitioner pleaded guilty to one count of

possession of cocaine and one count of sale of cocaine in the Circuit Court in and for Lake County, Florida, Case No. 97-CF-538 (*id.*, p. 11).  He was adjudicated guilty and sentenced to concurrent terms of 3 year and 4 months of imprisonment (*id.*).

On June 23, 2005, the federal district court sentenced Petitioner to "a total term of 292 Months on all counts concurrently" (doc. 10-1, Judgment in a Criminal Case).  Petitioner did not appeal the judgment.

On June 5, 2008, Petitioner filed a pro se motion for retroactive application of Amendment 706 of the United States Sentencing Guidelines ("U.S.S.G."), which reduced offense levels for defendants convicted of offenses involving cocaine base (doc. 10-1, "Supplemental to the Aforementioned Motion to Amend Petitioner's 18 U.S.C. § 3582(c)(2) Motion (Pending) to Request this Case to Reconsider and Grant Petitioner a Two Level Reduction for his Acceptance of Responsibility.").  Petitioner also requested an additional two-level reduction of his offense level in recognition of his acceptance of responsibility (*id.*).  Included in his motion were general complaints about his trial counsel's representation (*id.*).  The district court denied the motion on July 30, 2009, because Amendment 706 does not apply to defendants sentenced as career offenders, and the sentencing court had granted Petitioner a two-level reduction for acceptance of responsibility (doc. 10-1, Order).

Two years later, on August 1, 2011, Petitioner filed another pro se motion, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, asking the district court to correct alleged clerical errors in his judgment, specifically, the amount of drugs for which he was sentenced and the reference to firearms that he denied possessing during the drug offense (doc. 10-1, "Motion to Correct Clerical Errors, Pursuant to F.R.Cr.P., Rule 36").  He claimed that these "errors" were preventing him from participating in the Bureau of Prison's Residential Drug and Alcohol Program (*id.*).  The court denied the motion because (1) the information in the judgment was substantive, not clerical, and (2) the court lacked jurisdiction to entertain the motion, noting that Petitioner had not filed a direct appeal, nor had he filed a motion pursuant to 28 U.S.C. § 2255 (doc. 10-1, Order).

Approximately five weeks later, on September 8, 2011, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, claiming the court had jurisdiction under the "savings clause" to entertain his claim that the Government had committed fraud upon the court by

misrepresenting the amount of drugs at sentencing as well as his possession of a firearm (doc. 10-1, "Motion to Set Aside a Judgment for Fraud Upon the Court, Pursuant to F.R.Civ.P. 60(b)").  He asserted due process violations and complained that he suffered from a mental handicap and was denied competent or compassionate representation by counsel (*id.*).  The district court promptly dismissed this motion for lack of jurisdiction, again noting that Petitioner had not sought direct appeal nor filed a § 2255 motion (doc. 10-1, Order).  Approximately two weeks later, Petitioner re-filed his "fraud upon the court" motion, this time attempting to invoke the court's jurisdiction under the "All Writs Act" (doc. 10-1, "Motion for an Independent Action Alleging Fraud Upon the Court").  Noting that this motion was "due to be denied for any number of procedural and jurisdictional reasons," the district court (1) rejected Petitioner's U.S.S.G. arguments on the basis that he was sentenced as a career offender, (2) stated there was no fraud concerning the amount of cocaine involved in his offense (which Petitioner admitted in the factual basis for his plea) or of Petitioner's possession of a firearm (information which came from co-conspirators and not the Government), and (3) that Petitioner's objection to his possession of the firearm "was heard and denied at his sentencing" (doc. 10-1, Order).

One day after the district court issued its order, Petitioner filed another 18 U.S.C. § 3582 motion seeking retroactive application of Amendment 750 to the U.S.S.G., and claiming that his classification as a career offender over-represented his criminal history (doc. 10-1, "Motion Under 18 USC § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody").  He did not challenge the fact of his previous felony convictions (*see id.*).  The district court promptly denied this motion, repeating that Petitioner was not entitled to a reduction of his offense level because he was sentenced as a career offender (doc. 10-1, Order).  Two weeks later, Petitioner filed a motion for reconsideration (doc. 10-1, Motion to Reconsideration).  The court denied the motion (doc. 10-1, Order).

On April 4, 2013, Petitioner filed his third 18 U.S.C. § 3582 motion, again seeking retroactive application of U.S.S.G. amendments relating to crack cocaine offenses and again attempting to convince the court that his career offender status over-represented his criminal history (doc. 10-1, "Motion Under 18 USC § 3582(c)(2) for Modification of Sentence by a Person in

Federal Custody").  The court denied the motion for the reasons stated in previous orders (doc. 10-1, Order).

On June 18, 2014, Petitioner filed the instant § 2241 petition raising the following claims:

Ground one:  <u>Descamps</u> Violation.

1) The South Carolina arson charge is not a qualifying offense for career offender status; 2) Florida state drug conviction is a non-qualifying career offender offense pursuant to recent Eleventh and Fifth Court [sic] of Appeal [sic] cases.

Ground two:  <u>Alleyne</u> Violations.

Petitioner was indicted on ground two for a non-amount [sic] of drugs and on ground one conspiracy to distribute 5 grams or more of cocaine this [sic] <u>Alleyne</u> violation is clear was [sic] sentenced to 50 grams or more and it should of [sic] been a total amount of 9.6 cocaine base.

Ground three:  Due Process Violations.

Petitioner was charged with 18 USC § 2 in both indictments.  Petitioner will prove to this Honorable Court this statute was never signed into law by Harry S. Truman on June 25, 1948. . . . Therefore, this indictment and the element discussed 18 USC § 2 creates a due process violation which taints this entire case.

Ground four:  Fundamental Miscarriage of Justice.

Grounds 1, 2 and 3 have created a fundamental miscarriage of justice upon a mentally incompetent citizen whom [sic] if sentenced today for these crimes may not even receive a prison sentence with competent representation.

(doc. 1 at 3–5).

II.   ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* <u>United States v. Hayman</u>, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in <u>Hayman</u>, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[1]  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).  A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising claims of a sentencing nature under the savings clause.  To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty.  Bryant, 738 F.3d at 1274.

Petitioner relies upon the Supreme Court's decisions in Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013) and Alleyne v. United States, — U.S. —, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) to satisfy the Bryant factors (*see* docs. 1, 2, 15).[2]

---

[2] In Alleyne, the Supreme Court overturned Harris v. United States, 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002), and held that any factor that increases a defendant's mandatory minimum sentence is an element of the crime that must be found by a jury.  133 S. Ct. at 2155.  Alleyne, however, did not address prior-conviction sentencing enhancements.  *See generally id.* at 2151.  Instead, the Supreme Court explicitly stated that it was not revisiting the "narrow exception to this general rule for the fact of a prior conviction."  *Id.* at 2160 n.1

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the Armed Career Criminal Act ("ACCA") when the crime of conviction has a "single, indivisible set of elements."  133 S. Ct. at 2281–82.

The Eleventh Circuit recently held that the Supreme Court's decision in <u>Alleyne</u> does not apply retroactively on collateral review.  *See* <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285–86 (11th Cir. 2014).  Additionally, the Supreme Court has not made <u>Descamps</u> retroactively applicable on collateral review.  *See, e.g.,* <u>Wilson v. Warden, FCC Coleman</u>, — F. App'x —, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) (unpublished) (noting that the Supreme Court has not expressly declared <u>Descamps</u> to be retroactive to cases on collateral review, that <u>Descamps</u> was decided in the context of a direct appeal, and that the Supreme Court has not since applied it to a case on collateral review).  Further, the Supreme Court was clear in <u>Descamps</u> that its holding was dictated by established precedent.  *See* <u>Descamps</u>, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 (describing the Court's prior applications of the modified categorical approach as "the only way we have ever allowed" that approach to be applied); *id.* at 2286 ("We know Descamps' crime of conviction, and it does not correspond to the relevant generic offense. Under our prior decisions, the inquiry is over."); *id.* at 2286 (describing Ninth Circuit's analysis as "[d]ismissing everything we have said on the subject"); *id.* at 2288 (describing Ninth Circuit's analysis as "flout[ing] our reasoning").  Therefore, the undersigned agrees with the other federal courts which have determined that <u>Descamps</u> did not announce a new rule; instead, it simply applied existing Supreme Court doctrine, and it is thus not retroactively applicable on collateral review.  *See, e.g.*, <u>United States v. Montes</u>, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); <u>United States v. Chapman</u>, — F. Supp. 2d —, 2014 WL 1931814, at *4 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that <u>Descamps</u> does not apply retroactively to cases on collateral review.") (citations omitted); <u>Brown v. United States</u>, No. 2:13cv8052-VEH, 2014 WL 5795505, at *4 (N.D. Ala. Nov. 6, 2014) (unpublished) (<u>Descamps</u> did not announce a new rule of substantive law, rather, it merely clarified the proper analytical approach for determining whether a defendant's sentence should be enhanced under the ACCA); <u>King v. United States</u>, No. CV214-046, CR210-4, 2014 WL 5766774, at *3 (S.D. Ga. Nov. 5, 2014) (unpublished) (<u>Descamps</u> is not retroactively applicable as a substantive rule or as a new "watershed" procedural rule); <u>Jones v. United States</u>, Nos. 12-24521-CIV, 11-20767-CR, 2014 WL 4906217, at *6 (S.D. Fla. Sept. 30, 2014) (unpublished) (<u>Descamps</u> is not retroactively applicable

on collateral review); <u>Adams v. United States</u>, Crim. No. 08-00155-CG, Civ. No. 14-00131-CG-M, 2014 WL 4685522, at *1 (S.D. Ala. Sept. 19, 2014) (unpublished) (same); <u>Gray v. United States</u>, No. 1:00-CR-0386-RWS, 2014 WL 749662, at *3 (N.D. Ga. July 28, 2014) (unpublished) (same); <u>Bailey v. Warden, FCC Coleman-Medium</u>, No. 5:09-cv-547-Oc-23PRL, 2014 WL 3707983, at *1 (M.D. Fla. July 25, 2014) (unpublished) (same).

Moreover, Petitioner failed to demonstrate that his current sentence exceeds the statutory maximum.  Under the version of § 841 in effect at the time of Petitioner's offense conduct, plea, and sentencing, the statute provided that any person who knowingly or intentionally distributed, or possessed with intent to distribute <u>any</u> quantity of cocaine or cocaine base shall be sentenced to a term of imprisonment of not more than 20 years.  *See* 21 U.S.C. § 841(b)(1)(C).  The statute further provided that if that person committed the violation after one prior conviction for a felony drug offense had become final, the person shall be sentenced to a term of imprisonment of not more than 30 years.  *Id.*  The term "felony drug offense" is defined by statute as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44).  Under Florida law, mere possession of cocaine is a third degree felony under Florida law and is punishable by up to 5 years imprisonment.  *See* Fla. Stat. §§ 893.13(6)(a), 893.03(2)(a)(4), 775.082(3)(d).  Possession of cocaine with an intent to sell or deliver the cocaine is a second degree felony punishable by up to 15 years imprisonment.  *See* Fla. Stat. §§ 893.13(1)(a)(1), 893.03(2)(a)(4), 775.082(3)(c).

Petitioner does not dispute that in Lake County Case No. 94-CF-1276, he pleaded guilty to possession of cocaine, and was adjudicated guilty and sentenced to 5 years of probation.  Likewise, he does not dispute that in Lake County Case No. 97-CF-538, he pleaded guilty to possession of cocaine and sale of cocaine, and was adjudicated guilty of both counts and sentenced to concurrent terms of 3 years and 4 months of imprisonment on each count.  Any one of those three convictions triggered the 30-year maximum sentence for a prior "felony drug offense" under § 841(b)(1)(B) or (C).  *See* <u>United States v. Mejias</u>, 47 F.3d 401, 404 (11th Cir. 1995) (entry of nolo contendere plea with adjudication withheld to a third-degree drug felony under Florida law was a conviction upon which the 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B) was properly based).

Therefore, even if Petitioner was not subject to the career offender enhancement under U.S.S.G. § 4B1.1, he was subject to the statutory maximum of 30 years (360 months) for each of his violations of 21 U.S.C. § 841 involving cocaine base, regardless of the quantity involved, because he had at least one prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(C); *see also* 18 U.S.C. § 2(a) ("Whoever . . . aids, [or] abets . . . [a crime's] commission, is punishable as a principal.").  Petitioner was sentenced to only 292 months on each federal count, which is below the 360-month maximum for each count.  Therefore, he does not satisfy the fourth <u>Bryant</u> condition.

Finally, although Ground Three of Petitioner's § 2241 petition is not a sentencing claim (Ground Three asserts a challenge to the validity of the aiding and abetting statute, 18 U.S.C. § 2(a)), Petitioner is not entitled to review of that claim under the "savings clause" because he has not demonstrated that the claim was squarely foreclosed by prior Eleventh Circuit precedent at the time of his trial, or the time he could have filed a direct appeal or § 2255 motion.  Further, Petitioner has not identified a retroactively applicable Supreme Court decision that overturned Circuit precedent on that issue.  Therefore, his challenge to his conviction may not pass through the savings clause portal.  *See, e.g.*, <u>Gonzalez-Gonzalez v. Warden, FCC Coleman-Medium</u>, 579 F. App'x 955, 956 (11th Cir. 2014) (unpublished) (§ 2241 petitioner could not bring challenge to conviction through savings clause because he failed to show that his claim was squarely foreclosed by prior Circuit precedent at the time of his trial, direct appeal, and first § 2255 motion); <u>Benitez v. Warden, FCI Miami</u>, 564 F. App'x 497, 500 (11th Cir. 2014) (unpublished) (the requirement that a § 2241 petitioner seeking to proceed under the savings clause base his or her claim upon a retroactively applicable Supreme Court decision extends to a petitioner challenging the validity of his conviction); <u>Johnson v. Warden</u>, 551 F. App'x 489, 491 (11th Cir. 2013) (unpublished) (§ 2241 petitioner could not bring challenge to conviction through savings clause because he failed to show that his claim was squarely foreclosed by prior Circuit precedent); <u>Jones v. Warden, FCC Coleman-Medium</u>, 520 F. App'x 942, 945 (11th Cir. June 5, 2013) (unpublished) (petitioner's challenges to conviction did not open the portal of the savings clause, because he did not identify any retroactively applicable Supreme Court decision, much less one that established he was convicted of a nonexistent offense, and he raised some of the same challenges in both his direct appeal and his first § 2255).

III.    CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity of his conviction and sentence, not the execution of an initially valid confinement.  Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e).  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 10) be **GRANTED**.

2. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 21ˢᵗ day of November 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**